**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**CHRIS E. FRANKS**                                                                                       **PLAINTIFF**

**V.**                                                                    **CAUSE NO.: 3:17-cv-810-MHL**

**TRIPLE CANOPY, INC., CONSTELLIS, LLC**
**CAPTAIN JUSTIN GOOD, IN HIS OFFICIAL**
**CAPACITY, FPO "JOHN" SHELDON, IN HIS**
**INDIVIDUAL AND OFFICIAL CAPACITY, and**
**FPO "JOHN" WILLIAMS, IN HIS INDIVIDUAL**
**AND OFFICIAL CAPACITY**                                                      **DEFENDANTS**

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW Plaintiff Chris E. Franks (hereinafter "Plaintiff"), by counsel, and files this his *Complaint* for damages against Defendants TRIPLE CANOPY, INC., CONSTELLIS, LLC, CAPTAIN JUSTIN GOOD, IN HIS OFFICIAL CAPACITY, FPO "JOHN" SHELDON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, and FPO "JOHN" WILLIAMS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY (hereinafter "Defendant TCI," "Defendant Constellis," "Defendant FPO Sheldon," "Defendant FPO Williams," or collectively "Defendants") and for cause would show unto the Court the following:

**PARTIES**

1. Plaintiff is an adult resident citizen of Wade County, North Carolina, residing at 8134 Cohosh Court, Raleigh, North Carolina 27616.

2. Defendant TCI is a foreign corporation, qualified to do business in the State of Virginia, and it may be served with process upon its registered agent, Corporation Service Company, at 1111 East Main Street, Bank of America Center, 16th Floor, Richmond, Virginia 23219.

3. Defendant Constellis is a foreign corporation, qualified to do business in the State of Virginia, and it may be served with process upon its registered agent, Corporation Service

Company, at 1111 East Main Street, Bank of America Center, 16th Floor, Richmond, Virginia 23219.

4. Defendant Cpt. Good is an adult resident citizen of the U.S. He is employed as Captain with Defendants TCI and Constellis in Kuwait, and he may be served with process at his place of employment at TT 311 Camp Buehring | Kuwait 09330.

5. Defendant FPO Sheldon is an adult resident citizen of the U.S. He is employed as a Force Protection Officer with Defendants TCI and Constellis in Kuwait, and he may be served with process at his place of employment at TT 311 Camp Buehring | Kuwait 09330.

6. Defendant FPO Williams is an adult resident citizen of the U.S. He is employed as a Force Protection Officer with Defendants TCI and Constellis in Kuwait, and he may be served with process at his place of employment at TT 311 Camp Buehring | Kuwait 09330.

## JURISDICTION and VENUE

7. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all state law claims pled herein for which jurisdiction and venue attach.

8. Venue is proper in the Eastern District of North Carolina, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

9. At all times material hereto, Defendants Cpt. Good, FPO Sheldon, and FPO Williams were employees of the Defendants TCI and Constellis.

10. On July 15, 2017, Plaintiff and FPO Kyle Carter arrived to their job site on Camp Buehring's airfield (Post 20) at approximately 5:30 AM to relieve Defendant FPOs Sheldon and Williams from a 12 hour rotation. No other individuals were at this location.

11. Post 20 is a small guard shack approximately 24x20ft in size. During the course of the day, Plaintiff and FPO Carter manned the gate, allowing authorized personnel to drive onto the airfield. After approximately four hours of being on site, Plaintiff went to the guard shack to retrieve a broom and discovered a noose that was positioned next to the wall lockers.

12. Plaintiff immediately alerted FPO Carter, and Carter suggested that Plaintiff make a report. Plaintiff called Sgt. Hudson via the Viber Internet Phone and notified him of the incident. Sgt. Hudson arrived to Camp Buehring, took pictures of the noose/area, and forwarded said pictures to a few colleagues before beginning the investigation. Sgt. Hudson also requested that Plaintiff and FPO Carter write statements regarding what occurred, but failed to provide the proper form to complete the incident report. Plaintiff was given a continuation sheet instead of the authorized 2823 form that is proper, but he was instructed to complete the form anyway. Thereafter, a few other superiors arrived to the scene (Senior Sgt. Graham, Lt. Adams, and Lt. Kearse). Initially, everyone was supportive and made statements that the noose was a symbol of hate and further indicated that something would be done about it, but the noose remained up for the remainder of Plaintiff's 12-hour shift.

13. Defendants FPO Williams and Sheldon returned to work with no consequences and allowed to work in a position where he could cause harm to all individuals on the site.

14. A few days after the incident, all communication and support ceased. In fact, Defendant TCI created a fabricated excuse that the noose was a cry for help from someone's suicidal

thoughts. No PMO, military police, contract officer representative, or Defendant Constellis were notified of the incident.

15. Plaintiff was interviewed by Mr. Hubert Ward and HR Representative, Bonnie Wilson, who also dismissed the ordeal as a suicidal cry for help, but this was not Plaintiff's first incident with Defendant FPO Williams. Subsequent to this incident, Plaintiff continued to try and perform his responsibilities at work, but it became very difficult as he began experiencing anxiety attacks, nightmares, and sleepless nights. As a result, Plaintiff requested a housing move for safety reasons because he, Defendants FPO Williams, and Sheldon were all assigned to the same housing building. Plaintiff was moved to worst housing available in Suluibkhat, with no response to his complaints.

16. Plaintiff contacted Defendant Constellis once he realized that he would not getting necessary assistance or concern from Defendant TCI. The HR Representative, Wallace Burnett, offered Plaintiff other positions within both Defendant TCI and Constellis, but Plaintiff decline due to the lack of confidence in the chain of command and his safety.

17. On July 24, 2017, Plaintiff made a report at PMO on Camp Buehring. Plaintiff requested a copy of said report completed by MPI on July 29, 2017 from Jacqueline Love (Police Administration Supervisor), but he was refused. Ms. Love informed Plaintiff that the incident report would be at Camp Buehring PMO if Defendant Cpt. Good confirmed it as reported.

18. Defendants TCI and Constellis failed to investigate Defendants FPOs Sheldon and Williams. Defendants TCI and Constellis should have been aware of Defendant FPO Williams aggressive character because he previously attacked another employee, FPO Johnson.

19. Additionally, Defendant TCI and Constellis should have been monitoring the behavior and character of Defendant FPO Sheldon due to the questionable medications that he was consuming while on duty.

20. Defendant FPOs Sheldon and Williams were only moved to Camp Arifjan due to a shortage of officers, not due to the subject incident.

21. Defendants indicated that Plaintiff did not submit sufficient evidence to terminate Defendant FPOs Sheldon or Williams. Further Defendants contended that Defendant Williams and Sheldon's reassignment to Camp Arifjan rectified the situation.

22. Defendant FPOs Sheldon and Williams deliberately made the subject offense towards Plaintiff because of his race, creating a hostile environment for Plaintiff to perform his job responsibilities.

23. Subsequent to all of the aforementioned, Plaintiff resigned via email correspondence from his position on July 30, 2017 and made his second request for an internal investigation to Shawn Mireles, North Region Operations Senior Sergeant.

24. Plaintiff reported this unfair treatment to all the proper personnel, and his complaints/concerns were dismissed and not properly investigated.

25. Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of Plaintiff's race (African American) in that he was subjected to racial discrimination by Defendants.

**EXHAUSTION OF ADMINISTRATIVE PROCEDURE**

26. On or about August 30, 2017, Plaintiff filed his charge of discrimination, satisfying the requirements of 42 U.S.C. §2000(e) with the EEOC in Raleigh, North Carolina. Such

charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.

27. The EEOC conducted an investigation on the claim. On September 7, 2017, The EEOC issued a determination. According to the determination, "the EEOC is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

28. The *Complaint* is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites to filing suit.

## CAUSE OF ACTION

### COUNT I
### RACE DISCRIMINATION

29. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

30. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile working environment for Plaintiff because of her race in violation of Title VII of the Civil Rights Act of 1964.

31. The acts and violations of Defendants resulted in a knowing, willful, and intentional violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. Section 2000e-3.

32. As a direct and proximate result of Defendants unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.

33. Defendants' discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused him to suffer deep pain, humiliation, anxiety, insomnia, and emotional distress.

34. The unlawful actions of Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II
## CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. SECTION 1983

35. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

36. Plaintiff was subjected to adverse and hostile employment conditions at Triple Canopy and Constellis due to the actions of Defendants and agents and employees thereof.

37. The action of Defendants violate 42 U.S.C. Section 1983 in violation of Plaintiff's rights secured and guaranteed to him by the 1st and 14th Amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of federal rights under the color of state law.

38. Such unlawful employment practices violate 42 U.S.C. Section 1983, Section 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. Section 2000e, et. seq.

## DAMAGES

39. As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

40. As a consequence of the foregoing conduct of Defendants, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

41. Plaintiff requests that the Court issues the following relief:

   a. Enter declaratory relief declaring that Defendants have engaged in race discrimination and constitutional violations under 42 U.S.C. Section 1983;

   b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of his peers;

   c. Award Plaintiff attorney's fees, cost and expenses of litigation; and

   d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the  6th  day of December, 2017.

                **CHRIS E. FRANKS, PLAINTIFF**

**By:**  /s/ Alexander L. Taylor, Jr.
        **Alexander L. Taylor, Jr., VSB# 29292**

OF COUNSEL:

**ALEX TAYLOR LAW, PLC**
1622 West Main Street
Richmond, VA 23220
804-239-9232 – phone
866.446.6167 – fax
Email: alextaylor@alextaylorlaw.com